**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**WILLIAM MATTHEWS,**

                          **Plaintiff,**                    **ORDER**

                **-against-**                           **19-CV-5820 (FB)**

**LONG ISLAND RAILROAD COMPANY,**

                          **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Plaintiff William Matthews ("plaintiff") seeks an order, over the objection of defendant Long Island Railroad Company ("defendant" or "LIRR"), directing that the depositions of parties and any non-parties be taken remotely on account of the current COVID-19 pandemic (DE #12). Defendant responds that the request "is premature and should be denied . . . while there is a state of emergency in effect" (DE #13 at 1). Defendant further contends that "the LIRR is not equipped to conduct remote depositions now" and that the "LIRR Law Department relies on paper files" that defense counsel is unable to access while working from home (DE #13 at 2). He further states that it was his "intention to visit the accident location . . . ." (Id.)

      Plaintiff has addressed several of these alleged obstacles, agreeing to make all the necessary arrangements to conduct depositions remotely, including, "if absolutely necessary," loaning any witness lacking a computer with internet access "a computer with mobile hotspot" (DE #12 at 2).

      As detailed in plaintiff's letter-request, various federal courts across the nation have

approved the taking of depositions remotely during the current crisis (id. at 1-2). This District's Local Civil Rules expressly provide that a motion to conduct remote depositions "will presumptively be granted." E.D.N.Y. Local Civ. R. 30.2. Moreover, while complaining that plaintiff's counsel has filed the same motion in more than ten (unspecified) cases in which the LIRR is a party (DE #13 at 1 n.1), defendant fails to note that (as far as this Court has been able to determine), no judge in this District has, to date, denied such a request. Indeed, in deferring decision on a similar request in Rosenking v. LIRR, 19cv5872(DLI/RML), Judge Levy entered an order on April 9, 2020, in which he observed that "defendant should be advised that, for the reasons explained in plaintiff[']s motion, the Court finds remote depositions . . . to be a fair, appropriate and responsible way to allow litigation to proceed during the current pandemic[;]" he added that ADR programs in this District are currently conducting remote mediations, and he ruled that it was defendant's burden, in opposing the motion, to "show good cause why the depositions in this case are so exceptional that they constitute a legitimate exception to the practices developed in response to the current public health emergency[.]"

    This Court concurs with Judge Levy's analysis and concludes that defendant has not make the requisite showing in this case. As noted above, plaintiff has agreed to make all the necessary arrangements to conduct depositions remotely (including incorporating technological features such as exhibits displays) and to "accommodate the schedule of a given witness" (DE #12 at 2). As for defense counsel's claim that his paper files are now inaccessible, the Court notes that this case is not a document-heavy one, as it concerns shoulder injuries sustained

when plaintiff, a railroad worker, was opening a gate that became stuck; the Court is confident that, upon request, plaintiff's counsel will supply defense counsel with electronic copies of the presumably limited discovery materials in this case. And defense counsel can arrange with the LIRR, his employer and client, to enable him to conduct a remote inspection of the site where plaintiff was injured.

In view of the foregoing, plaintiff's motion is granted. However, in order to minimize the disruption to the LIRR during the most challenging period of the crisis in the New York area, the Court *sua sponte* stays deposition discovery through April 30, 2020, and extends fact discovery to May 28, 2020. The June 1st settlement conference will go forward as scheduled, and the Court will determine, at a later date, whether to convert the proceeding to a remote one.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**April 14, 2020**

/s/    *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**